UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22436-BLOOM/Torres

THOMAS CRUMRINE,

    Plaintiff,

v.

TREKKER DISTRIBUTOR, INC.,
*et al.*,

    Defendants.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants Trekker Distributor, Inc. and Trekker Tractor, LLC ("Defendants") Motion to Dismiss Counts II and III of the Complaint, ECF No. [15] ("Motion"), filed on October 2, 2023. Plaintiff Thomas Crumrine ("Plaintiff") filed a Response in Opposition to the Motion ("Response"), ECF No. [16], to which Defendants filed a Reply in Support of the Motion ("Reply"), ECF No. [18]. The Court has reviewed the Complaint, the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

    **I.    BACKGROUND**

Plaintiff filed his Complaint on June 29, 2023, asserting three claims against Defendants: (1) violation of the Fair Labor Standards Act ("FLSA") (Count I); (2) breach of contract (Count II); and (3) a claim for declaratory relief pursuant to the Declaratory Judgment Act (Count III). *See generally* ECF No. [1].

**A. Complaint**

Plaintiff's Complaint alleges the following:

Plaintiff has been working in the scaffolding and access industry since 2008. ECF No. [1] ¶ 11. Defendants recruited Plaintiff "in early 2019 to be a project manager for its newly created scaffolding and access division." *Id.* ¶ 13. Defendants did so primarily to obtain Plaintiff's portfolio of clients. *Id.* ¶ 15. Defendants "induced" Plaintiff to "deliver" his portfolio of clients "with a false promise of compensation and benefits package that included wages of [a] $60,000 base salary plus commission of 3% on rental business, and 5% on labor profits" on deals that Plaintiff closed. *Id.* ¶ 16.

On January 27, 2019, Plaintiff signed a proposal letter provided by Defendants, ECF No. [1-1] ("Proposal Letter"). The Proposal Letter memorialized Plaintiff's "job title, FLSA-exempt classification, compensation basis, and other terms of employment." *Id.* ¶ 17. On January 28, 2019, Defendants also required Plaintiff to execute a Non-Competition, Confidentiality, and Non-Disparagement Agreement, ECF No. [1-2] ("Non-Compete Agreement"), "as a condition of employment." *Id.* ¶ 18. Relevant here, the Non-Compete Agreement provides that in the event of Plaintiff's termination or resignation, Plaintiff is prohibited from competing with Defendants or from otherwise soliciting Defendants' clients, employees, or independent contractors for a period of one year within the following territory in Florida: Seminole, Brevard, Osceola, Volusia, Orange, Lake and Marion Counties. *See generally* Non-Compete Agreement; ECF No. [1] ¶¶ 18-19.

Plaintiff began his employment with Defendants on March 1, 2019. ECF No. [1] ¶ 20. On or about May 4, 2020, Defendants sent Plaintiff a letter informing him that it "had reduced his annual salary by 10% retroactive to April 27, 2020." *Id.* ¶ 21. Plaintiff subsequently "terminated his employment" with Defendants on March 11, 2022. *Id.* ¶ 22. Upon Plaintiff's termination,

Defendants' management team "asserted" that Plaintiff's portfolio of clients "now belonged to it" and "falsely claimed" that Plaintiff was "not permitted to solicit those clients for any reason in or outside of the restricted territory." *Id.* ¶ 23.

In Count I, Plaintiff contends that Defendants violated the FLSA by failing to compensate Plaintiff for overtime hours worked "at a rate not less than 150% of his regular rate of pay for all hours worked in excess of 40 in workweek while employed by [Defendants]." *Id.* ¶ 28 (citing 29 U.S.C. § 207(a)). The Complaint alleges that Plaintiff worked in excess of 40 hours a week between March 1, 2019 and March 14, 2022.[1] *Id.* ¶ 29.

Count II alleges that Defendants' breached their employment contract with Plaintiff in two ways: (1) "by failing to pay all wages due to [Plaintiff] under the contract[;] and (2) by breaching "an implied obligation of good faith and fair dealing."[2] Plaintiff alleges that the employment contract is "partly oral and partly written[,]" with the terms of the oral portion of the contract "generally memorialized" in the Proposal Letter, and with the terms of the written portion of the contract contained in the Non-Compete Agreement.[3] *Id.* ¶¶ 36-38.

In Count III, Plaintiff seeks a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, that the Non-Compete Agreement was "not supported by a

---

[1] Plaintiff further alleges that Defendants "acted willfully or with reckless disregard as to their obligation to pay Plaintiff 150% of his regular rate of pay for hours worked in excess of 40 per week, and accordingly, the violation was willful under 29 §§ U.S.C. 255(a) and 260." *Id.* ¶ 32.

[2] Plaintiff alleges that Defendants breached the implied obligation of good faith and fair dealing by "(a) falsely claiming to [Plaintiff] that it had a legitimate business interest to be protected by the restrictive covenants contained in the contract when it knew or should have known that it did not; (b) falsely stating to [Plaintiff] in the proposal letter that employment was conditional upon execution of an attached non-disclosure agreement and confidentiality agreement and then presenting a document for execution that also contained an undisclosed non-competition covenant; (c) falsely representing to [Plaintiff] that he was an FLSA-exempt employee when they knew or should have known he was not; and (d) by stating that [Plaintiff's] annual base salary would be $60,000 when the Management Team did not intend to pay that amount at the time The Trekker Group entered the agreement." *Id.* ¶ 41.

[3] Plaintiff also alleges entitlement to "special damages in the form of lost wages for future employment[]" in addition to general damages. *Id.* ¶ 44.

3

legitimate business interest when made, that [it] became void upon [Defendants'] breach of the contract," and that the Non-Compete Agreement is "otherwise unenforceable under applicable law." *Id.* ¶¶ 46, 51. Plaintiff alleges that a declaratory judgment is appropriate because "there is a substantial controversy between parties, with adverse legal interests, of such immediacy and existence so as to warrant a declaratory judgment." *Id.* ¶ 47.

### B. Motion

Defendants move to dismiss Counts II and III pursuant to Rule 12(b)(6). Defendants argue that Count II must be dismissed because (1) Plaintiff's breach of contract claim is preempted by the FLSA; (2) Plaintiffs claim is barred by the employment-at-will doctrine; (3) Plaintiff does not allege that Defendants breached the Non-Compete Agreement; (4) Plaintiff's allegation that Defendants breached the implied obligation of good faith and fair dealing fails to state a claim; and (5) Plaintiff fails to state a claim premised on Defendants' alleged fraud in inducing the contract between the parties. Defendants also argue that Plaintiff's claim for special damages for lost future compensation should be stricken or dismissed for failing to comply with Federal Rule of Civil Procedure 9(g). Defendants contend that Count III must be dismissed because Plaintiff's request for declaratory relief fails to implicate an actual controversy between the parties.

## II.   LEGAL STANDARD

### A. Failure to State a Claim for Relief

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s

pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

### III.  DISCUSSION

#### A.  Breach of Contract (Count II)

As noted above, Defendants argue that Count II must be dismissed because (1) Plaintiff's breach of contract claim is preempted by the FLSA; (2) Plaintiff's claim is barred by the employment-at-will doctrine; (3) Plaintiff fails to allege that Defendants breached the Non-Compete Agreement; (4) Plaintiff's allegation that Defendants breached the implied obligation of good faith and fair dealing fails to state a cause of action; (5) Plaintiff fails to state a claim premised on Defendant's alleged fraud in inducing the contract; and (6) Plaintiff fails to sufficiently allege entitlement to special damages under Federal Rule of Civil Procedure 9(g).

Plaintiff responds that dismissal of Count II is improper because (1) his breach of contract claim is not preempted by the FLSA because it seeks broader relief; (2) the employment-at-will doctrine is inapplicable; (3) the Complaint sufficiently alleges Defendants' breach of the implied

obligation of good faith and fair dealing; and (4) the Complaint sufficiently alleges entitlement to specific damages under Rule 9(g).[4] The Court shall discuss each basis for dismissal in turn.

### i.  FLSA Preemption

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "As a matter of law, [a] plaintiff cannot circumvent the exclusive remedy prescribed by Congress in asserting equivalent state law claims in addition to the FLSA claim." *Garcia v. Nachon Enters.*, 223 F. Supp. 3d 1257, 1268 (quoting *Morrow v. Green Tree Serv'g, L.L.C.*, 360 F. Supp. 2d 1246, 1252 (M.D. Ala. 2005) (alterations in original)); *see also Bule v. Garda CL SE, Inc.*, 2014 U.S. Dist. LEXIS 95618, *5 (S.D. Fla. July 14, 2014) ("Section 216 of the FLSA is the exclusive remedy for enforcing rights created under the Act.") (citation omitted). "Specifically, where a plaintiff's state law claims are merely the FLSA claims recast in state law terms, those state law claims are preempted by the FLSA[.]" *Garcia*, 223 F. Supp. at 1267 (citing *Alexander v. Vesta Ins. Grp., Inc.*, 147 F. Supp. 2d 1223, 1240-41 (N.D. Ala. 2001)). Conversely, "the FLSA does not preempt state law contract provisions that are more generous than the FLSA demands." *Freeman v. City of Mobile, Ala.*, 146 F.3d 1292 (11th Cir. 1998).

Defendants argue that Plaintiff's breach of contract claim must be dismissed because they are premised on the same allegations as Plaintiff's FLSA claim and are thus preempted by the FLSA. Defendants contend that Plaintiff premises his breach of contract and FLSA claims on

---

[4] As discussed below, Plaintiff's Response expressly disclaims alleging that Defendants breached the Non-Compete Agreement or that Defendants committed fraud in the inducement of the employment contract.

unpaid wages and overtime compensation, and on Defendants alleged misclassification of Plaintiff as exempt from the FLSA's protections. Plaintiff responds that the FLSA "does not preempt claims where a plaintiff-employee seeks broader remedies under state law for what essentially amounts to a violation of rights arising under the FLSA." ECF No. [16] at 7.

Plaintiff relies on *Freeman v. City of Mobile, Ala.*, 146 F.3d 1292 (11th Cir. 1998) and *Avery v. City of Talladega*, 24 F.3d 1337 (11th Cir. 1994) for support that "the FLSA does not preempt state law contract provisions that are more generous than the FLSA demands." *Freeman*, 146 F.3d at 1298. In *Avery*, the Eleventh Circuit found that the plaintiff could pursue a state law breach of contract claim based on the terms of an employee handbook that provided greater relief than that provided by the FLSA. *Avery*, 24 F.3d at 1348. The court found that "the district court erred in holding that the FLSA pre-empts a state law contractual claim that seeks to recover wages for time that is compensable under the contract though not under the FLSA." *Avery*, 24 F.3d at 1348. The Eleventh Circuit reached the same conclusion regarding the plaintiff's breach of contract claim in *Freeman*, finding that the personnel ordinance on which the plaintiff relied "may give employees rights to overtime compensation beyond those required by the FLSA[.]" *Freeman*, 146 F.3d at 1292 (citing *Avery*, 24 F.3d at 1347-48).

Here, Plaintiff's breach of contract claim alleges entitlement to contractual remedies beyond those required by the FLSA. Plaintiff alleges that the contract between himself and Defendants "is partly oral and partly written[]" and contends that the "oral portion of the employment contract is generally memorialized in a written proposal letter[.]" ECF No. [1] ¶¶ 36-37. The attached Proposal Letter provides that Plaintiff's "[a]nnual base salary shall be $60,000" and notes that Plaintiff "shall be entitled to a 3% commission of all rental volume and 5% of all labor profits for any transaction that [Plaintiff] close[s] within [his] Territory[.]" ECF No. [1-1] at

7

2. Plaintiff thus alleges that Defendants "breached the contract by failing to pay all wages due to [Plaintiff] under the contract." ECF No. [1] ¶ 40.

Defendants interpret Plaintiff's breach of contract claim as seeking the same unpaid overtime compensation sought in Count I, Plaintiff's FLSA claim. Defendants rely on *Bule v. Garda CL Se., Inc.*, No. 14-21898-CIV, 2014 WL 3501546 (S.D. Fla. July 14, 2014), *Garcia v. Nachon Enters., Inc.*, 223 F. Supp. 3d 1257 (S.D. Fla. 2016), *Melendez v. G4S Secure Sols. (USA) Inc.*, No. 20-24213-CIV, 2020 WL 10140956 (S.D. Fla. Dec. 11, 2020), and *Alexander v. Vesta Ins. Group. Inc.*, 147 F. Supp. 2d 1223 (N.D. Ala. 2001) to argue that Plaintiff's breach of contract claim is duplicative of his FLSA claim and accordingly must be dismissed. However, in each of those cases, the plaintiffs brought breach of contract claims for unpaid wages, overtime classification, or misrepresentations regarding FLSA exemptions that were unaccompanied by claims for broader relief under their respective employment contracts. *See Bule*, 2014 WL 3501546, *2 ("Plaintiff alleges that he worked for Defendant Garda as a non-exempt employee, and that during his employment period, he worked without the proper overtime rate for all hours worked in excess of 40 per week."); *Garcia*, 223 F. Supp. 3d 1257 at 1268 ("Garcia's state law claims for breach of agreement, unjust enrichment, and quantum meruit are each phrased as state-law versions of his FLSA overtime claims."); *Melendez*, 2020 WL 10140956, at *9 ("[A] a fair reading of Plaintiffs Complaint shows that Plaintiffs *quantum meruit* and FLSA claims arise from the same set of facts and are not materially distinct."); *Alexander*, 147 F. Supp. 2d at 1240 ("Plaintiffs contend that Defendants are liable under the FLSA for failing to pay them for overtime worked.").

Here, Plaintiff's allegations demonstrate that his claim is broader than a claim for unpaid wages or overtime compensation. Unlike *Bule*, *Garcia*, *Melendez*, and *Alexander*, Plaintiff's

8

breach of contract claim is not simply a state-law version of his FLSA claim for overtime compensation. Count I alleges that Defendants failed to compensate Plaintiff for the overtime he worked in violation of the FLSA. *See* ECF No. [1] ¶¶ 28-29. Count II alleges that Defendants breached their obligation to pay Plaintiff all wages due under his employment contract, specifically, wages due pursuant to his $60,000 base salary and commission payments memorialized by the Proposal Letter.[5] ECF No. [1] ¶ 37. Accordingly, unlike *Bule*, *Garcia*, *Melendez*, and *Alexander*, Plaintiff's breach of contract claim is not simply a state-law version of his FLSA claim. Rather, Count II is premised on Defendants' alleged failure to compensate Plaintiff in accordance with his salary and commission payments provided by an employment agreement between the parties.

Prevailing on Count I thus requires demonstrating that Defendants failed to compensate Plaintiff for his overtime hours in violation of the FLSA, while prevailing on Count II requires establishing that Defendants failed to compensate Plaintiff based on the $60,000 salary and commission payments required by the parties' employment agreement. To do so, Plaintiff must establish that the Proposal Letter memorializes the terms of employment between the parties, specifically salary and commission payments. As in *Avery* and *Freeman*, Plaintiff's breach of contract claim accordingly seeks broader remedies than those provided by the FLSA, namely, unpaid wage and bonus compensation pursuant to the salary and commission payment terms set forth in an oral employment agreement between the parties. Such compensation may afford

---

[5] Defendants accurately observes that the Proposal Letter expressly disclaims constituting a contractual agreement. *See* ECF No. [1-1] at 3. This does not demonstrate that Count II is due to be dismissed however, as Plaintiff alleges that the proposal letter memorializes an oral employment agreement between the parties rather than representing the contract itself. Furthermore, the Non-Compete Agreement provided by Plaintiff is silent as to compensation. *See* ECF No. [1-2]. Construing the allegations in the light most favorable to Plaintiff, the Court concludes that Plaintiff sufficiently alleges that Defendants breached an oral employment agreement providing the compensation terms set forth in the Proposal Letter.

Plaintiff compensation "beyond th[at] required by the FLSA[.]" *Freeman*, 146 F.3d at 1292 (citing *Avery*, 24 F.3d at 1347-48).

Determining the extent to which Plaintiff's claim for overtime wages under the FLSA encompasses his claim for unpaid salary and commission payments under the parties' employment agreement is unclear based on the allegations in the Complaint. As noted, the plaintiff in *Avery* based its allegations on an employee handbook, 24 F.3d at 1348, while the plaintiff in *Freeman* similarly grounded its claims in a personnel ordinance. *Freeman*, 146 F.3d at 1292. Plaintiff points to the Proposal Letter's base salary and commission payments as the basis for his allegation that Defendants failed to pay "all wages due to [Plaintiff] under the contract[]" without specifically alleging that Defendants failed to pay Plaintiff the salary and commission payments he was owed.[6] ECF No. [1] ¶ 40.

The Court therefore concludes that, to the extent Plaintiff's breach of contract claim is premised on Defendants' failure to provide overtime compensation or their mischaracterization of Plaintiff as FLSA-exempt, Plaintiff's breach of contract claim is preempted by the FLSA. Conversely, to the extent that Plaintiff's breach of contract claim is premised on Defendants' failure to pay Plaintiff's base salary and commission payments pursuant to an oral employment agreement, Plaintiff's breach of contract claim is not preempted by the FLSA. *Cf. Morrow v. Green Tree Servicing, LLC*, 360 F. Supp. 2d 1246 at 1253 ("[D]ue to the vagueness of [Plaintiff's] claims, the court can only suspect, but cannot conclude, that her state-law claims are preempted by the FLSA. Consequently, it would be premature to hold that the FLSA prevents Morrow from bringing

---

[6] Defendants' contention that Plaintiff "fails to allege that the Trekker Defendants breached any specific agreement to pay him different or greater wages than the FLSA authorized[]" is controverted by the pleadings. Although Plaintiff does not specify the precise wages owed, the Complaint makes clear that he is seeking compensation pursuant to the oral employment agreement, not minimum wage payments owed under the FLSA.

10

claims for breach of contract and unjust enrichment."). Defendants have accordingly failed to show that Count II must be dismissed because it is preempted by the FLSA. The Court proceeds to address Defendants' alternative arguments in favor of dismissal.

### ii. Employment-at-will doctrine

Defendants contend that the employment-at-will doctrine bars Plaintiff's breach of contract claim in Count II because Plaintiff alleges that the employment agreement specifies that his employment was at will. Plaintiff responds that his breach of contract claim is "rooted in nonpayment of wages and bonus compensation" and that the employment-at-will doctrine is thus no bar to Plaintiff's claim. ECF No. [16] at 9.

The Court agrees with Plaintiff. The employment-at-will doctrine provides that "[w]here the term of employment is discretionary with either party or indefinite … either party for any reason may terminate it at any time and no action may be maintained for breach of the employment contract." *DeMarco v. Publix Super Markets, Inc.*, 360 So. 2d 134, 135 (Fla. 3d DCA 1978). As discussed above, Plaintiff alleges that Defendants breached the terms of an oral contract between the parties by failing to compensate Plaintiff based on the employment agreement's salary and commission payment provisions. Plaintiff accordingly alleges that Defendants breached the contract by failing to compensate Plaintiff pursuant to those terms of employment. Plaintiff does not allege that Defendants terminated the employment agreement, or that doing so is unlawful. As such, the employment-at-will doctrine presents no bar to Plaintiff's breach of contract claim.

### iii. Allegations regarding the Non-Compete Agreement

Defendants next argue that Plaintiff's breach of contract claim omits allegations that Defendants breached the restrictive covenant provisions in the Non-Compete Agreement and that Plaintiff thus fails to state a breach of contract claim with respect to the Non-Compete Agreement.

11

Plaintiff responds by clarifying that Count II does not allege that Defendants breached the terms of the Non-Compete Agreement; "[i]nstead, [Plaintiff's] claims are rooted in the breach of his oral employment agreement." ECF No. [16] at 10. While not a model of clarity, the Court accepts Plaintiff's representation that its breach of contract claim pertains only to the *oral* portion of the employment contract. As such, dismissal is unwarranted on this basis.[7]

### iv. Implied duty of good faith and fair dealing

Defendants also argue that Plaintiff fails to state a claim that Defendants breached their implied obligation of good faith and fair dealing because Plaintiff "fails to allege that the Trekker Defendants breached an express term of any enforceable agreement." ECF No. [15] at 6. Plaintiff responds that he sufficiently alleges that Defendants breached their implied obligation of good faith and fair dealing because this claim is premised on Defendants' failure to pay all wages owed to Plaintiff under the oral employment agreement. Plaintiff contends that the allegations regarding Defendants' breach of this implied obligation do not attempt to state a freestanding claim, but instead "underscore and give context to the breach of the employment agreement." ECF No. [16] at 13.

"Every contract contains an implied covenant of good faith and fair dealing, requiring that the parties follow standards of good faith and fair dealing designed to protect the parties' reasonable contractual expectations." *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005) (citing *Cox v. CSX Intermodal, Inc.*, 732 So. 2d 1092, 1097 (Fla. 1st DCA 1999)). "A breach of the implied covenant of good faith and fair dealing is not an

---

[7] Plaintiff similarly clarifies that Count II does not include a breach of contract claim premised on Defendants fraudulently inducing Plaintiff to sign an employment contract. *See* Response at 14 (Defendants "arguments are inapplicable given that [Plaintiff's] claims are not based on fraudulent inducement. The essence of [Plaintiff's] allegations centers on the Trekker Group's failure to honor specific terms of the employment agreement regarding his compensation … not fraudulent inducement.").

12

independent cause of action, but attaches to the performance of a specific contractual obligation." *Id.*

Here, Count II alleges that Defendants breached their obligation to compensate Plaintiff based on the salary and commission bonus terms provided in an oral employment agreement. As such, there can be no independent breach of Defendants' implied duty of good faith and fair dealing. To the extent that Plaintiff's breach of contract claim is premised on an independent obligation of good faith and fair dealing, *see* ECF No. [1] ¶ 41, that portion of the claim is dismissed.

### v.     Special damages

Finally, Defendants argue that the Court must dismiss or strike Plaintiff's claim for special damages because Plaintiff fails to "specifically state[]" the special damages he is allegedly entitled to under Federal Rule of Civil Procedure 9(g). Plaintiff responds that his allegation that he suffered special damages "in the form of lost wages for future employment" satisfies Rule 9(g)'s relatively permissive pleading standard. Defendants reply that Plaintiff fails to refute his failure to plead specific damages with particularity, and that this relief should thus be dismissed.

Rule 9(g) provides that "[i]f an item of special damage is claimed, it must be specifically stated." Fed. R. Civ. P. 9(g). As numerous courts have observed, the 1993 amendment to the Federal Rules of Civil Procedure "nullified the purpose somewhat of Rule 9(g)." *Therapeutics MD, Inc. v. Evofem Biosciences, Inc.*, No. 20-cv-82296, 2022 WL 2341965, at *2 (S.D. Fla. June 1, 2022). "Accounting for Rule 26's early and considerable disclosure requirements, courts have trended toward a more lenient and practical reading of Rule 9(g)." *Lord v. Univ. of Miami*, No. 13-22500-CIV, 2022 WL 18023293, at *6 (S.D. Fla. July 26, 2022) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1311 (4th ed. 2022)). "Commentators have likewise noted that '[a] strict approach to the application of Rule 9(g) has little justification when

special damages are sought simply as a supplement to the plaintiff's general damages, as long as the pleading has satisfied the rule's underlying notice function.'" *Id.* (alteration in original).

Here, Plaintiff alleges that "[i]n addition to general damages, [Plaintiff] has suffered special damages in the form of lost wages for future employment." ECF No. [1] ¶ 44. Defendants contend that this allegation fails to comply with Rule 9(g) because the Complaint lacks supporting allegations that Plaintiff's lost future wages naturally result from a breach of the oral employment agreement. Defendants rely on *Great Am. Indem. Co. v. Brown*, 307 F.2d 306 (5th Cir. 1962), *Trump v. Clinton*, 626 F. Supp. 3d 1264 (S.D. Fla. 2022), *Land Title of Cent. Fla., LLC v. Jimenez*, 946 So. 2d 90 (Fla. Dist. Ct. App. 2006) for support. Those decisions fail to demonstrate that Plaintiff's claim for special damages must be dismissed at this juncture, however.

In *Trump* and *Jimenez*, for instance, the plaintiffs failed to plead entitlement to special damages. *See Trump*, 626 F. Supp. 3d at 1310 ("The Amended Complaint also fails to allege falsity, that any falsehood impacted third parties' desire to deal with him or resulted in pecuniary loss, or special damages.") (footnote call number omitted); *Jimenez*, 946 So.2d at 92 ("While the complaint filed by Ms. Jimenez sought general damages, it did not seek special damages resulting from the mineral rights reservation."). Neither decision supports dismissing a claim for special damages merely because Plaintiff's allegations fail to explain how those damages were caused by Defendants' conduct. While it is generally true that special damages depend on a finding that those damages were "a foreseeable and normal consequence[] of the alleged wrongful conduct", *Bothmann v. Harrington*, 458 So. 2d 1163, 1168 (Fla. 3d DCA 1984) (citation omitted), Defendants have not shown that Plaintiff's failure to precisely specify *how* their conduct foreseeably led to Plaintiff's loss of future wages justifies dismissal of his claim for special damages under Rule 9(g).

Defendants' reliance on *Brown* similarly fails to support dismissal at this stage in the proceedings. In *Brown*, the court observed that the plaintiff's complaint pled entitlement to special damages "without specifically itemizing the same." *Brown*, 307 F.2d at 307-08. The court rejected the defendant's argument that Plaintiff violated Rule 9(g) for failing to specify the amount as well as the nature of the special damages claim. *Id.* at 308. In so doing, the court observed that the defendant had notice of the plaintiff's claim for special damages yet "neglected or failed to [us]e the[ ] pre-trial procedures" at its disposal to clarify the nature of Plaintiff's special damages claim. *Id.* at 308. The court thus concluded that "[t]here was sufficient compliance" with Rule 9(g) and accordingly admitted the plaintiff's claim for special damages at trial. *Id.* As *Lord* observes, "[d]istrict courts since *Brown* have similarly reviewed not only the pleadings but also 'parties' initial disclosures and subsequently produced discovery in determining whether any actual prejudice has resulted from a lack of specificity in the complaint.'" (quoting *Therapeutics, MD*, 2022 WL 2341965, at *2) (footnote call number omitted).

The Court concludes that Defendants have not established that Plaintiff's failure to specify *how* Defendants' conduct entitles Plaintiff to special damages justifies dismissing such relief for failing to comply with Rule 9(g). Defendants may re-raise their objection should Plaintiff's initial disclosures fail to sufficiently compute its entitlement to special damages pursuant to Rule 26(a)(1)(iii), or if Plaintiff's discovery responses otherwise fail to provide adequate notice of the special damages sought in this action. In the absence of such shortcomings, the Court finds that Plaintiff's claim for special damages sufficiently complies with Rule 9(g) at this early stage in the proceedings.

### B. Declaratory Judgment (Count III)

Defendants contend that Plaintiff's claim for declaratory relief regarding the Non-Compete Agreement must be dismissed as a matter of law. Defendants argue that any resulting declaratory judgment would constitute "an improper 'advisory opinion as to the enforceability'" of the restrictive covenants contained within the Non-Compete Agreement. Motion at 8 (quoting *Trianon Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 741 F. Supp. 2d 1327, 1331 (S.D. Fla. 2010)). Plaintiff responds that the allegations supporting a declaratory judgment meet the necessary criteria, and the Court should accordingly exercise its discretion and issue a declaratory judgment. Defendants reply that Plaintiff's Response expressly disclaims that Defendants breached the Non-Compete Agreement, and there is thus no actual controversy with respect to the restrictive covenant provisions.

The Declaratory Judgment Act instructs that in "a case of actual controversy … any court of the United States … may declare the rights and legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Eleventh Circuit has "set out the following non-exclusive guideposts for district courts to consider in deciding whether to adjudicate, dismiss, or stay a declaratory judgment action under § 2201(a):"

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (2) whether the judgment in the federal declaratory action would settle the controversy;
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
> (6) whether there is an alternative remedy that is better or more effective;
> (7) whether the underlying factual issues are important to an informed resolution of the case;

> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Nat'l Tr. Ins. Co. v. S. Heating & Cooling Inc*, 12 F.4th 1278, 1282-83 (11th Cir. 2021) (citing *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005)).

As a threshold matter, Defendants are incorrect that Plaintiff's failure to allege a breach of the Non-Compete Agreement demonstrates that a declaratory judgment is improper. Defendants rely on *Trianon Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 741 F. Supp. 2d 1327, 1331 (S.D. Fla. 2010) to argue that any declaratory judgment regarding the restrictive covenants would constitute an improper advisory opinion due to the absence of an actual controversy regarding the Non-Compete Agreement. In *Trianon Condo Ass'n, Inc.*, the court found that the plaintiff failed to sufficiently state a cause of action for a declaratory judgment regarding the enforceability of an insurance contract's coinsurance provision. *Id.* at 1331. The court observed that the "[p]laintiff's [c]omplaint fails to allege any actions taken on behalf of [] either party that would support [p]laintiff's conclusion that there is uncertainty as to any right or obligation with regard to the enforceability … of the coinsurance provision." *Id.* (citation omitted). The court thus concluded that "Plaintiff is merely seeking an advisory opinion as to the enforceability of a provision in the contract[]" considering that "[t]he present case is no different than a lawsuit which may have been brought by Plaintiff immediately after the parties entered into the contract." *Id.* at 1331.

Unlike *Trianon Condo Ass'n, Inc.*, Plaintiff's Complaint contains allegations pertinent to the restrictive covenants both at the time they were executed between the parties as well as after Defendants alleged breach of the oral employment agreement. On one hand, Plaintiff's allegation that the restrictive covenants "were not supported by a legitimate business interest when made"

17

could have been brought immediately after the parties executed the Non-Compete Agreement. ECF No. [1] ¶ 51. On the other hand, Plaintiff alleges that the restrictive covenants "became void upon [Defendant] Trekker Group's breach of the contract and are otherwise unenforceable under applicable law." *Id.*

Those allegations provide that Plaintiff's request for a declaratory judgment is partially tethered to Defendants alleged breach of the oral employment. Moreover, Plaintiff alleges that Defendants are currently enforcing the restrictive covenants, which Defendants acknowledge in their Motion.[8] *Trianon Condo Ass'n, Inc.* is therefore distinguishable, as Plaintiff alleges both that Defendant's breach of the oral employment agreement invalidated the restrictive covenants, and that Defendants are actively enforcing the terms of those provisions. *See Trianon Condo. Ass'n, Inc.*, 741 F. Supp. 2d at 1331 (observing that "[i]f [the defendant] never takes any action to enforce the coinsurance provision, a judicial determination as to the enforceability of the coinsurance provision in question is purely advisory."). Plaintiff alleges that the restrictive provisions are therefore causing both present and future injury by prohibiting him from soliciting his former clients. As such, Count III's request for declaratory relief seeks a declaratory judgment that is not "purely advisory." *Trianon Condo. Ass'n, Inc.*, 741 F. Supp. 2d at 1331.

Neither party has analyzed the Eleventh Circuit's factors set forth in *Ameritas* and referenced above. Other than characterizing Plaintiff's request for declaratory relief as a request for an improper advisory opinion, Defendants do not provide further argument as to why Count III

---

[8] *See* ECF No. [1] ¶ 1 (Defendants "threatened to sue [Plaintiff] if he attempted to keep servicing those clients or work elsewhere in the region."); *id.* ¶ 23 (Defendants "falsely claimed that he was not permitted to solicit those clients for any reason in or outside of the restricted territory."); Motion at 3 ("Upon [Plaintiff's] termination of employment, the Trekker Defendants enforced the non-solicitation provisions of the [Non-Compete] Agreement.").

should be dismissed for failure to state a claim to relief.[9] Dismissal of Count III is accordingly improper in light of Defendants' failure to meet their burden to show that Plaintiff fails to state a claim for relief under Rule 12(b)(6).

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss Plaintiff's Complaint, **ECF No. [15]**, is **GRANTED IN PART AND DENIED IN PART** consistent with this Opinion.

2. Defendants shall file their Answer to the Complaint **by February 2, 2024.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 22, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record

---

[9] Defendants' reliance on *McIntosh v. Harbour Club Villas Condominium Ass'n*, 468 So.2d 1075 (Fla. 3d DCA 1985) for the general proposition that plaintiffs may not use claims for declaratory judgment "as a tool to advise attorneys as to the proper path to pursue[]" fails to show that dismissal is warranted. *Id.* at 1081.